Filed: 12/13/2017 4:41 PM
Debra G. Walker
Clerk
Henry County, Indiana

| | |
|---|---|
| STATE OF INDIANA   )<br>                 ) SS:<br>COUNTY OF HENRY  ) | IN THE HENRY CIRCUIT COURT<br><br>CAUSE NO.  **33C01-1712-CT-000052**<br>                         **Henry Circuit Court 1** |

DAMARCUS FIGGS and DAVID CORBIN et al., )
individually and on behalf of all others similarly )
situated, )
                                  )
        Plaintiffs, )
                                  )
        v. )
                                  )
THE GEO GROUP, INC., )
                                  )
        Defendant. )

## CLASS ACTION COMPLAINT

Plaintiffs, DaMarcus Figgs and David Corbin, individually and on behalf of all others similarly situated, allege as follows against Defendant, The Geo Group, Inc.:

### I. NATURE OF ACTION

1. Defendant, a publically traded corporation, restrains more than 100 mentally disabled Indiana state prisoners in peonage, involuntary servitude, and conditions of forced labor knowingly for its own financial benefit by operation of scheme, plan, and pattern of abuse of these prisoners and of the law.

2. Plaintiffs bring this action pursuant to 18 U.S.C § 1595, 42 U.S.C § 1983, 42 U.S.C. § 12117, and 29 U.S.C. § 794a to seek transfer from these conditions and for damages.

### II. PARTIES

3. Plaintiffs and proposed class representatives are DaMarcus Figgs and David Corbin.

    a. Plaintiffs are United States citizens and residents of Henry County, Indiana held in detention by Defendant at New Castle Correctional Facility, a prison Defendant privately owns and operates in New Castle, Indiana.



EXHIBIT

A

b.  Mr. Figgs and Mr. Corbin, along with more than 100 other mentally disabled state prisoners, are confined in the maximum-security "Mental Health Unit" of New Castle Correctional Facility.

c.  Mr. Figgs and Mr. Corbin, along with more than 100 other mentally disabled state prisoners in the Mental Health Unit of New Castle Correctional Facility, are held in peonage, involuntary servitude, and conditions of forced labor in violation of the federal Trafficking Victims Protection Act, 18 U.S.C §§ 1581, 1589, 1590, 1595.

d.  Mr. Figgs and Mr. Corbin, along with more than 100 other mentally disabled state prisoners in the Mental Health Unit of New Castle Correctional Facility, are qualified individuals within the meaning of the Americans with Disabilities Act and Rehabilitation Act due to mental impairments substantially limiting the operation of their neurological and brain functions and major life activities including thinking and caring for themselves. Mr. Figgs suffers from mental disabilities including antisocial personality disorder and serious depression. Mr. Corbin suffers from mental disabilities including post-traumatic stress disorder, antisocial personality disorder, and serious depression.

e.  Mr. Figgs and Mr. Corbin, along with more than 100 other mentally disabled state prisoners in the Mental Health Unit of New Castle Correctional Facility, are employees of Defendant within the meaning of Title I of the Americans with Disabilities Act. The work performed by these individuals is integral to Defendant's business, upon which they are economically dependent. These individuals are not permitted to independently manage their own work or seek opportunity for income elsewhere. These individuals are dependent on Defendant

2

for the equipment of their work and are not permitted to operate independently of Defendant. The employment relationship of these individuals with Defendant is indefinite and the hours, conditions, pay, and duration of their labor is at all times controlled by Defendant.

f. As employees, these individuals have been subject to discrimination, harassment, retaliation, and denial of wages and benefits on the basis of their disabilities and been denied reasonable accommodations, denied engagement in the interactive process, subjected to discriminatory recruitment and hiring practices, and subjected to prohibited discriminatory pre-employment examinations and inquiries.

g. None of these individuals have been sentenced to hard labor as a condition of punishment and retain their rights under the Thirteenth Amendment to the United States Constitution. *See generally Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990).

4. Defendant is The Geo Group, Inc.

a. Defendant is a Florida-based international conglomerate and publically traded for-profit corporation founded in its current iteration in 2003.

b. Defendant, knowingly and exclusively for financial benefit, operates the largest and only privately owned state prison in Indiana, New Castle Correctional Facility.

c. Defendant, knowingly and exclusively for financial benefit, imprisons Plaintiffs and up to 126 other mentally disabled prisoners held in the Mental Health Unit of New Castle Correctional Facility.

d. Defendant has collected more than $100 million in benefit and value in its operations concerning class members by harboring, recruiting, and restraining the

3

mentally disabled prisoners it detains in the Mental Health Unit of New Castle Correctional Facility.

e. Defendant forces the more than 100 mentally disabled prisoners in the Mental Health Unit of New Castle Correctional Facility to perform daily labor including cleaning, completing reports, and assisting non-prisoner employees in various aspects of their work on the unit.

f. Defendant, as an employer under Title I of the Americans with Disabilities Act, employs fifty or more individuals throughout each week of the calendar year and is responsible under federal law for providing a work environment free from unlawful discrimination, harassment, and retaliation.

g. Defendant, as a recipient of federal financial assistance, is subject to Section 504 of the Rehabilitation Act of 1973.   29 U.S.C. § 794; 28 C.F.R. 42.540.

### III. CLASS ACTION ALLEGATIONS

5. Plaintiffs bring this class action pursuant to Indiana Rules of Trial Procedure 23(A) and (B)(3) on behalf of themselves and all others similarly situated as members of the following proposed class:

> All individuals who have been detained in the Mental Health Unit of New Castle Correctional Facility between December 2015 and December 2017 for a period of time exceeding six months.

6. All requirements of Rule 23(A) of the Indiana Rules of Trial Procedure are met for this class.   Specifically:

a. The class is so numerous that joinder of all members is impracticable.   *See* T.R. 23(A)(1).   The precise size is unknown at present but is believed to be large and consist of hundreds of mentally disabled prisoners and at this time consists of in

4

excess of one hundred individuals.

b.  There are questions of law or fact common to the class.  *See* T.R. 23(A)(2).  These questions include whether class members are forced to labor for Defendant; whether class members are forced to labor for Defendant for little to no pay; whether class members are recruited and harbored by Defendant at its private prison; whether class members are restrained at the site by coercion and abuse of law; whether class members are held in peonage by way of retention of their physical persons until a certain sum has been remunerated to Defendant; whether any class member has been actually and lawfully sentenced to labor as part of a criminal punishment; whether a private for-profit publically traded corporation knowingly operates to obtain maximum financial benefit itself; whether class members are paid similarly to their non-disabled co-workers; whether the conditions of labor maintained by Defendant may cause mental decompensation in class members; and whether the conditions of labor at Defendant's private detention site in Indiana have caused serious mental injury and trauma to class members.

c.  The claims of the proposed class representatives, Mr. Figgs and Mr. Corbin, are typical of those of the class.  *See* T.R. 23(A)(3).

d.  Mr. Figgs and Mr. Corbin will fairly and adequately protect the interests of the class.   There are no conflicts between them and class members.   As class representatives, they will vigorously prosecute this action on behalf of the class along with proposed class counsel, Christopher C. Myers & Associates.  *See* T.R. 23(A)(4).

7. The additional requirement of Rule 23(B)(3) is also met as questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV. FACTS

### A. THE MHU

8. Defendant privately owns and operates New Castle Correctional Facility in Henry County, Indiana.

9. New Castle Correctional Facility includes the maximum-security "Mental Health Unit" also known as the "MHU."

10. The MHU of New Castle Correctional Facility holds up to 128 mentally disabled and severely mentally ill prisoners.

11. The purpose of the operation of the MHU is to create financial benefit and value for Defendant, a for-profit publically traded corporation.

### B. RECRUITMENT TO THE MHU

12. Defendant recruits, transports, harbors, and restrains class members in the MHU of New Castle Correctional Facility in order subject them to servitude and create financial benefit and value for itself.

13. Defendant typically takes possession of any given class member after he has suffered a serious injury or trauma while held at a prison facility that is publicly owned and operated.

14. Following a class member's injury or trauma, Defendant arranges through scheme and plan to recruit, harbor and transport the class member to the MHU ostensibly to "stabilize" the prisoner in a three-month program not to exceed six months.

6

15. Class members following stabilization are expected to be released to a less-restrictive public facility not operated by a for-profit corporation.

16. However, class members are almost always held longer than three months, usually longer than six months at the MHU, and at times for years.

## C. FORCED LABOR & DISCRIMINATION AT THE MHU

17. Defendant maintains that it provides meaningful treatment and services to class members held at the MHU.

18. However, such treatment and services are in fact not provided and instead the purpose of class members' presence at the MHU is to render financial benefit and value to Defendant.

19. Class members must render labor and services to Defendant daily by reporting to work and performing such tasks as cleaning, completing reports, carrying out obligations of Defendant's contracts, and assisting non-disabled employees in various aspects of their work maintaining the MHU.

20. The labor that class members perform is satisfactorily done.   However, class members for their labor are only paid approximately $10 a month.

21. Class members are not free to cease performance of their labor for Defendant or leave the jobsite absent threat of force or punishment by Defendant.

22. But for the detention and labor of class members Defendant could not profitably operate the MHU at New Castle Correctional Facility.

## D. CONDITIONS OF LABOR & DETENTION AT THE MHU

23. The conditions of labor and confinement of class members are harmful to class members but financially beneficial and valuable to Defendant.

24. Among other things:

7

a.  Class members are locked in small rooms approximately twenty hours per day.

b.  The long hours of isolation of class members are regularly extended because Defendant, in order to increase the value of operating the MHU, regularly does not employ enough co-workers to release class members from their rooms.

c.  These long hours of isolation may be extended for weeks when a class member objects to the conditions of the MHU or suffers injury do the harmful conditions of the environment.

d.  Defendant promises class members a one-hour break per day to be taken in a solitary cage slightly larger than the room in which they are usually held. However, this break is regularly cancelled.

e.  Class members are routinely chained and shackled when working outside the rooms where they are usually confined.

25. These conditions and others allow Defendant to extract the maximum value from the labor of class members.

### E. CLASS REPRESENTATIVES AT THE MHU

26. Mr. Corbin was transported to the MHU on September 16, 2014.

27. Mr. Figgs was transported to the MHU on July 31, 2015.

28. Both have been restrained in the MHU until present and have been repeatedly prevented from transferring from the unit and ceasing labor for Defendant.

29. Both Mr. Figgs and Mr. Corbin have been subjected to the forced labor, servitude, peonage, detention, and confinement as described.

30. Prior to bringing suit, class representatives exhausted all administrative remedies as available to them, filed their Notice of Tort Claim on August 24, 2017, and filed their

8

Charges of Discrimination with the U.S. Equal Employment Opportunity Commission. Mr. Corbin received his notice of right to sue in Charge No. 470-2017-02974 on October 20, 2017.  Mr. Figgs received his notice of right to sue in Charge No. 470-2017-03011 on November 28, 2017.

## V. CLAIMS FOR RELIEF

*LABOR TRAFFICKING CLAIMS*

### TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C §§ 1581, 1589, 1590, 1595

31. Based on the facts above, Defendant knowingly and for financial benefit and value subjected named Plaintiffs and putative class members to peonage, involuntary servitude, and conditions of forced labor in violation of the federal Trafficking Victims Protection Act of 2000 and subsequent reauthorizing acts.

32. As the result of Defendant's willful, wanton, intentional, and malicious wrongdoing, Plaintiffs and putative class members suffered mental trauma, financial damage, lost wages and benefits, emotional distress and mental anguish, and other injury and damages.

*CONSTITUTIONAL RIGHTS CLAIMS*

### FOURTEENTH & EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION

33. Based on the facts above, Defendant acting under color of discriminated against named Plaintiffs and putative class members without a reason rationally related to a legitimate government interest and so violated their fundamental rights by denying them the equal protection of laws under the Fourteenth Amendment to the U.S. Constitution.

34. Based on the facts above, Defendant acting under the color of law subjected named Plaintiffs and putative class members to cruel and uncivilized conditions of confinement

9

in violation of the Eighth Amendment to the U.S. Constitution.

35. As the result of Defendant's willful, wanton, intentional, and malicious wrongdoing, Plaintiffs and putative class members suffered mental trauma, financial damage, lost wages and benefits, emotional distress and mental anguish, and other injury and damages.

### *DISABILITY RIGHTS CLAIMS*

#### REHABILITATION ACT, 29 U.S.C. § 794a & ADA TITLE I, 42 U.S.C. § 12111

36. Based on the facts above, Defendant as a recipient of federal financial assistance subjected named Plaintiffs and putative class members to discrimination on the basis of their mental disabilities by denying them reasonable accommodations and access to the benefits and services afforded to individuals without disabilities in violation of Section 504 of the Rehabilitation Act of 1973.

37. Based on the facts above, Defendants subjected named Plaintiffs and putative class members to discrimination in the terms and conditions of employment as compared to employees without mental disabilities in violation of Title I of the Americans with Disabilities Act.

38. As the result of Defendant's willful, wanton, intentional, and malicious wrongdoing, Plaintiffs and putative class members suffered mental trauma, financial damage, lost wages and benefits, emotional distress and mental anguish, and other injury and damages.

### *STATE TORT CLAIMS*

#### FALSE IMPRISONMENT, CONFINMENT, UNJUST ENRICHMENT, & NEGLIGENCE

39. Based on the facts above, Defendant knowingly and intentionally subjected named Plaintiffs and putative class members to state torts and wrongs by confining them without

their consent and without legitimate authorization, obtained the value of their labor in detriment to and at the expense of these laborers, and had a duty to them to prevent their exploitation and abuse but failed to do so and so caused harm to them.

40. As the result of Defendant's willful, wanton, intentional, and malicious wrongdoing, Plaintiffs and putative class members suffered mental trauma, financial damage, lost wages and benefits, emotional distress and mental anguish, and other injury and damages.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court:

A.  Certify the class as defined above;

B.  Issue and preliminary and permanent injunction transferring Plaintiffs and putative class members from the MHU;

C.  Award compensatory and putative damages;

D.  Award treble damages pursuant to Ind. Code § 34-24-3; and

E.  Award legal costs, attorney fees, and expert witness costs and fees pursuant to 18 U.S.C. § 1595(a); 42 U.S.C. § 12117, 29 U.S.C. § 794a(b), and 42 U.S.C. § 1988;

F.  Grant all other just and proper relief.

11

Respectfully,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ David W. Frank
David W. Frank, #31615-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: dfrank@myers-law.com
Counsel for Plaintiffs

DF/