UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMARCUS FIGGS and DAVID CORBIN ) | |
| Et al., individually and on behalf of all others ) | |
| Similarly situated ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00089-TWP-MPB |
| ) | |
| THE GEO GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**THE GEO GROUP, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12, Defendant The GEO Group, Inc. ("GEO") submits its answer to the Plaintiffs' Class Action Complaint and asserts its affirmative defenses. GEO denies all factual allegations not specifically admitted below.

**I. NATURE OF THE ACTION[1]**

1. GEO admits that it is a publicly-traded corporation. The allegations in the remainder of Paragraph 1 are denied.

2. Paragraph 2 lists statutes on which Plaintiffs have sued and identifies their claims seeking transfer and damages. Paragraph 2 requires no admission or denial, but to the extent it does, GEO denies the allegations and further notes that most of Plaintiffs' claims have now been dismissed by the Court.

---

[1] For clarity, GEO's answer includes the headings as listed in the Plaintiffs' Class Action Complaint, but GEO does not admit that the headings are accurate as matters of fact or law, and out of an abundance of caution, denies all allegations construed from the headings.

## II. PARTIES

3.     Paragraph 3 contains a number of subparagraphs that purport to describe Plaintiffs and proposed class representatives DaMarcus Figgs and David Corbin and their claims:

a.  GEO admits that it operates the New Castle Correctional Facility in New Castle, Indiana.  Based on its current review of its records, GEO believes that Mr. Figgs resides at the New Castle Correctional Facility, but that Mr. Corbin does not.  GEO denies all remaining allegations in Paragraph 3.a.

b.  Based on its current review of its records, GEO cannot confirm or deny whether the unnamed "100 other mentally disabled state prisoners" identified in Paragraph 3.b are confined in the "Mental Health Unit" of New Castle Correctional Facility, admits that Mr. Figgs is housed at the New Castle Correctional Facility, and denies that Mr. Corbin is currently housed at the New Castle Correctional Facility.  Out of an abundance of caution, GEO denies any remaining allegations in Paragraph 3.b.

c.  GEO denies all allegations in Paragraph 3.c.

d.  GEO cannot confirm or deny the "mental disabilities" of Mr. Figgs or Mr. Corbin identified in Paragraph 3.d, notes that they appear to relate only to claims that have been dismissed by the Court, and states that much of the contents of Paragraph 3.d are legal conclusions that require no response.  Out of an abundance of caution, GEO denies those allegations and all other allegations in Paragraph 3.d.

e.  GEO states that Mr. Figgs's and Mr. Corbin's claims to employment status relate only to claims that have been dismissed by the Court, and states further

       that such allegations are legal conclusions that require no response. GEO denies all allegations in Paragraph 3.e.

    f.    GEO states that many claims in Paragraph 3.f are legal conclusions that require no response and denies all allegations in Paragraph 3.f.

    g.    GEO cannot confirm or deny the details Mr. Figgs's and Mr. Corbin's criminal sentences or the sentences of any other prisoners at the New Castle Facility, and therefore denies all allegations in Paragraph 3.g.

4.    Paragraph 4 contains a number of subparagraphs purporting to describe GEO and the Plaintiffs' claims:

    a.    GEO admits that it is a publicly traded company that is both headquartered in Florida and taxed as a for-profit corporation.

    b.    GEO admits that it operates the New Castle Correctional Facility under a contract with the Indiana Department of Corrections. GEO denies all other allegations in Paragraph 4.b.

    c.    GEO denies all allegations in Paragraph 4.c.

    d.    GEO denies all allegations in Paragraph 4.d.

    e.    GEO admits that some prisoners housed at the New Castle Correctional Facility sometimes perform chores similar to what they would perform in facilities run by the State of Indiana, and denies all other allegations in Paragraph 4.e. GEO specifically denies any allegation that prisoners "perform" any "labor" in any manner.

    f.    GEO denies all allegations in Paragraph 4.f to the extent they refer to the Plaintiffs and any other prisoners and putative class members, and further

      notes that these allegations relate only to claims that the Court has now dismissed. Paragraph 4.f is ambiguous as to whether it refers to GEO's actual staff, and out of an abundance of caution GEO denies all allegations in Paragraph 4.f.

    g.    GEO states that Paragraph 4.g states a legal conclusion that requires no response, notes that this paragraph relates only to claims that the Court has now dismissed, and denies any allegations in Paragraph 4.g.

### III. CLASS ACTION ALLEGATIONS

5.    Paragraph 5 appears only to state Plaintiffs' proposed class definition. Out of an abundance of caution, GEO denies all allegations in Paragraph 5.

6.    GEO states that Paragraph 6, including its subparts 6.a, 6.b, 6.c, and 6.d, are legal conclusions that require no response and further denies any allegations in Paragraph 6 and any of its subparts.

7.    GEO states that Paragraph 7 contains legal conclusions that require no response, and denies any remaining allegations in Paragraph 7.

### IV. FACTS
### A. THE MHU

8.    GEO admits that it operates the New Castle Correctional Facility in Henry County, Indiana. GEO denies all other allegations in Paragraph 8.

9.    GEO admits that New Castle Correctional Facility contains a maximum-security unit called the "Mental Health Unit," or "MHU." GEO denies all other allegations in Paragraph 9.

10. Paragraph 10 is ambiguous as to the relevant time period and also includes ambiguous terms characterizing prisoners in the MHU. Out of an abundance of caution, GEO denies all allegations in Paragraph 10.

11. GEO admits that it is publicly traded and is taxed as a for-profit corporation, and denies all other allegations in Paragraph 11.

### B. RECRUITMENT TO THE MHU

12. GEO denies all allegations in Paragraph 12.

13. GEO admits that some prisoners housed in the MHU at New Castle arrive after sustaining injury or trauma at a public prison and being transferred at the direction of the State of Indiana. GEO denies all allegations in Paragraph 13.

14. GEO admits that some prisoners housed in the MHU become stable while housed there. GEO denies all other allegations in Paragraph 14.

15. GEO admits that prisoners housed in the MHU may be subsequently transferred out at the direction of the State of Indiana. GEO denies all other allegations in Paragraph 15.

16. GEO admits that prisoners stay in the MHU for various lengths of time at the direction of the State of Indiana. GEO denies all other allegations in Paragraph 16.

### C. FORCED LABOR & DISCRIMINATION AT THE MHU

17. GEO admits that it provides services to the State of Indiana relating to prisoners housed in the MHU. GEO denies any remaining allegations in Paragraph 17.

18. GEO denies all allegations in Paragraph 18.

19. GEO admits that some prisoners housed at the New Castle Correctional Facility sometimes perform chores similar to what they would perform in a facility run by the State of Indiana, and denies all other allegations in Paragraph 19. GEO specifically denies any allegation that prisoners "render labor and services" in any manner.

20. GEO admits that some prisoners receive some amount of money while housed in the MHU. GEO denies that class members "labor." GEO lacks sufficient knowledge to confirm or deny whether Plaintiffs' or any other prisoner's alleged "labor" is "satisfactorily done" and denies any other allegations in Paragraph 20.

21. GEO denies the allegations in Paragraph 21.

22. GEO denies the allegations in Paragraph 22.

### D. CONDITIONS OF LABOR & DETENTION AT THE MHU

23. GEO denies the allegations in Paragraph 23.

24. Paragraph 24 contains a number of subparagraphs:

    a. GEO admits that some prisoners' cells are sometimes locked. GEO denies all other allegations in Paragraph 24.a.

    b. GEO denies the allegations in Paragraph 24.b.

    c. GEO denies the allegations in Paragraph 24.c.

    d. GEO admits that prisoners housed in the MHU are given time out of their cells. GEO denies all remaining allegations in Paragraph 24.d.

    e. GEO admits that some prisoners may or may not be restrained when traveling outside their cells for various reasons, such as security or behavior, similar to what would be done in a facility run by the State of Indiana. GEO denies all remaining allegations in Paragraph 24.e.

25. GEO denies the allegations in Paragraph 25.

### E. CLASS REPRESENTATIVES AT THE MHU

26. Based on its current review of its records, GEO admits that Mr. Corbin appears to have been transferred to the New Castle Facility in September 2014. GEO denies any remaining allegations in Paragraph 26.

27. Based on its current review of its records, GEO admits that Mr. Figgs appears to have been transferred to the New Castle Facility in July 2015. GEO denies any remaining allegations in Paragraph 27.

28. Based on its current review of its records, GEO states that Mr. Figgs is housed in the Mental Health Unit, and that Mr. Corbin no longer resides at the New Castle Correctional Facility. GEO denies all remaining allegations in Paragraph 28.

29. GEO denies the allegations in Paragraph 29.

30. GEO admits that both Plaintiffs received letters from the Equal Employment Opportunity Commission stating that neither is GEO's employee. GEO denies that Plaintiffs exhausted their administrative remedies before filing suit and denies any remaining allegations in Paragraph 30.

## V. CLAIMS FOR RELIEF

### LABOR TRAFFICKING CLAIMS
### TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1581, 1589, 1590, 1595

31. GEO denies all allegations in Paragraph 31 and further notes that some of these claims have been dismissed by the Court.

32. GEO denies all allegations in Paragraph 32.

### CONSTITUTIONAL RIGHTS CLAIMS
### FOURTEENTH & EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION

33. GEO denies all allegations in Paragraph 33 and further notes that these claims have been dismissed by the Court.

34. GEO denies all allegations in Paragraph 34 and further notes that these claims have been dismissed by the Court.

35. GEO denies all allegations in Paragraph 35.

## DISABILITY RIGHTS CLAIMS
## REHABILITATION ACT, 29 U.S.C. § 794A &
## ADA TITLE I, 42 U.S.C. S 12111

36. GEO denies all allegations in Paragraph 36 and further notes that these claims have been dismissed by the Court.

37. GEO denies all allegations in Paragraph 37 and further notes that these claims have been dismissed by the Court.

38. GEO denies all allegations in Paragraph 38.

## STATE TORT CLAIMS
## FALSE IMPRISONMENT, CONFINEMENT, UNJUST ENRICHMENT, & NEGLIGENCE

39. GEO denies all allegations in Paragraph 39 and further notes that most of these claims have been dismissed by the Court.

40. GEO denies all allegations in Paragraph 40.

## IV. PRAYER FOR RELIEF

GEO denies that Plaintiffs are entitled to any relief on any of their claims and further denies that their claims support class certification. GEO denies any remaining allegations in Plaintiffs' Prayer for Relief and all of its subparts.

## STATEMENT OF AFFIRMATIVE DEFENSES

COMES NOW the Defendant, The GEO Group, Inc., by counsel, Adam G. Forrest, and for its Affirmative Defenses to Plaintiffs' Complaint, states and alleges as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted. GEO acknowledges that the Court has denied dismissal of certain claims as pled in the original Class Action Complaint.

2. Plaintiffs have failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

3. Plaintiffs have failed to exhaust administrative remedies as required by state law.

4. Plaintiffs have failed to exhaust administrative remedies necessary to bring an unjust enrichment claim against GEO.

5. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel or waiver by freely electing to take part in the activities they now claim were coerced.

7. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches or unclean hands.

8. Plaintiffs have failed to join the Indiana Department of Corrections as a party. The claims allege wrongdoing for GEO's compliance with applicable law, regulations and/or policies of the Indiana Department of Corrections.

9. Plaintiffs' unjust enrichment theory is barred by consent.

10. Plaintiffs' unjust enrichment claim is barred because they lacked reasonable expectations of payment.

11. Plaintiffs lack standing to pursue injunctive relief to the extent they no longer reside at the New Castle Correctional Facility.

12.     Plaintiffs have failed to mitigate damages.

13.     Plaintiffs' damages and injunctive relief are limited by the Prison Litigation Reform Act.

14.     Plaintiffs' claims and requested relief sound in habeas corpus and this suit is an improper vehicle to raise them.

15.     Defendant hereby reserves the right to supplement and amend its statement of Affirmative Defenses, as discovery in this matter is ongoing.

WHEREFORE, Defendant, The GEO Group, Inc., by counsel, Adam G. Forrest, respectfully request that this Court enter judgment in its favor and against Plaintiffs DaMarcus Figgs and David Corbin; order that Plaintiffs take nothing by way of their Complaint; award Defendant its costs arising from this lawsuit; and order any and all other relief that is just and proper.

Respectfully submitted,

/s/   Adam Forrest
Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
27 North Eighth Street
Richmond, IN 47374
Phone: (765) 962-7527
Fax: (765) 966-4597
Email: aforrest@bbkcc.com

Charles Deacon (Pro Hac Vice)
NORTON ROSE FULBRIGHT US LLP
300 Convent St., Suite 2100
San Antonio, TX 78205
Phone: (210) 270-7133
Fax: (210) 270-7205
Email: charlie.deacon@nortonrosefulbright.com

Mark Thomas Emery (Pro Hac Vice)
NORTON ROSE FULBRIGHT US LLP

799 9th St. NW, Suite 1000
Washington, DC 20001-4501
Phone: (202) 662-0210
Fax: (202) 662-4643
Email: mark.emery@nortonrosefulbright.com

Attorneys for Defendant The GEO Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2019, a true and complete copy of the foregoing document was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to the following parties by that system:

Christopher C. Myers
David W. Frank
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Tel: (260) 424-0600
Fax: (260) 424-0712
cmyers@myers-law.com
dfrank@myers-law.com
Counsel for Plaintiffs

/s/   Adam G. Forrest