UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAMARCUS FIGGS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00089-MPB-TWP |
| | ) | |
| THE GEO GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Come now Plaintiffs DaMarcus Figgs and David Corbin, by counsel, and make their

Response in Opposition to Defendant's Motion for Summary Judgment as follows:

INTRODUCTION

This is a class action lawsuit challenging certain practices at New Castle Correctional

Facility, which is operated by Defendant GEO Group. Plaintiffs are currently incarcerated and

Defendant's Motion for Summary Judgment was limited to the issue of exhaustion under the

Prison Litigation Reform Act (the "PLRA," codified at 42 U.S.C. § 1997e) and state law. [Dkt.

42]

At this stage, there is no question that the PLRA applies.[1] The next question, and the one

we are now confronting, is whether Plaintiffs exhausted the administrative remedies available to

them prior to filing suit. Here, there were no administrative remedies available to Plaintiffs, and

---

[1] Plaintiffs will soon be filing a Motion for Leave to Amend the Complaint (the deadline per the CMP is
September 9, 2019). If granted, this Motion will substitute a non-prisoner as the named plaintiff for the
putative class, at which point, the PLRA will no longer apply – Defendant's Motion for Summary
Judgment will be moot and the issue of exhaustion need not be raised again.

they are (mercifully) not expected to exhaust nullities. Defendant's Motion for Summary Judgment should be denied.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

At the heart of this Complaint is a question of why Figgs and Corbin, and the putative class they represent, were classified in such a way that they needed to be assigned to the mental health unit (MHU) at New Castle Correctional Facility for more than six months at a time. As a result of this classification, Plaintiffs were forced to provide labor and services to GEO. These are issues that both plaintiffs did try to grieve to the best of the abilities:

### DaMarcus Figgs

On June 25 or 26, 2017, Mr. Figgs submitted State Form 52897 "Offender Complaint-Informal Process Level". [Plaintiffs' Exhibit 1, Dkt. 52-1.] By this point, he had been housed in the Mental Health Unit for two years, had successfully completed the program on three different occasions, and had filed a classification appeal which had been denied. He asked that someone look into the matter.



**OFFENDER COMPLAINT – INFORMAL PROCESS LEVEL**
State Form 52897 (R2 / 4-15)
DEPARTMENT OF CORRECTION

**INSTRUCTIONS:** Offender completes Section I ONLY and sends the form to the appropriate department.  If a response is not received, the offender is to contact his/her caseworker.

| SECTION 1 – OFFENDER COMPLAINT (To be completed by offender.) | |
|---|---|
| * Information is required. | |
| Name of offender * DaMarcus Figgs | DOC number * 178594 |
| Housing assignment * MHU 7-711 | Job * Mental Health Program |

List the department OR the name of the staff person(s) about which you are complaining, if any: Mental Health, Dr. Keris, and Wexford Medical Provider        JUN 26 2017

Provide a brief explanation of your complaint. * (Your complaint MUST be legible. Multi-page statements are NOT acceptable.)

I've been here for two years and i've Made Phase three once in 2015 and twice in 2016. That means i've completed this Program on three different ocesions. Mental health staff has failed to transfer me out the Program. I filed a classification appeal which was denied by Mental health Psychologist. once again i've already completed this program numerous times and they have not transferred me out When I did complete the Program. Please investigate this matter. Thank you

| Signature of offender * DaMarcus Figgs | Date (month, day, year) * 6-25-2017 |
|---|---|

[Dkt. 52-1.]

By the form's pre-printed instructions, a response was due within five business days, but unlike inmates, staff members are apparently free to ignore the grievance procedures, since no one bothered to respond to Mr. Figgs for nearly a month. [See below, also at Dkt. 52-1.]

| SECTION 2 – REVIEWING STAFF | |
|---|---|
| (To be completed by department head or custody supervisor. Response is due within five (5) business days.) | |

I, _Stacey Scott_ , have reviewed the above informal complaint and recommend:
     Printed name

☑ Resolution (Explain below.)     ☐ Unable to resolve this informal complaint because: (Explain below.)

Explanation and how resolved. If unable to resolve, explain why not. (Please write legibly.)

Our mental health professionals are looking out for your overall well-being. They will release you from programs and enroll you in programs based on your progress. They do have your best interest in mind and are helping you to develop good life coping skills.

| Signature of staff | Date (month, day, year) 7/21/17 |
|---|---|

Since the response by the reviewing staff did not assure Mr. Figgs that anyone would look into the matter of him being housed in MHU for years despite the fact that he had completed the programming on three separate occasions, but rather offered placatory remarks about his "best interest" being kept in mind, Mr. Figgs lodged his disagreement with the result. [See below, also at Dkt. 52-1.]

| SECTION 4 – DISAGREEMENT | |
|---|---|
| I, the offender, by signing in this section, DO NOT agree with the findings / actions of the informal response listed in Section 2 above. | |
| ☒ I disagree with the resolution | |
| Signature of offender | Date *(month, day, year)* |
| *Dalwdeut Figgs* | 7-28-17 |

The next step for Mr. Figgs was to file a formal grievance, which he did that same day – July 28, 2017. [Plaintiffs' Exhibit 2, Dkt. 52-2.] Because he was grieving his wrongful classification for an extended period of time, he marked the date of incident as occurring from January 2016 to June 2017.



**OFFENDER GRIEVANCE**
State Form 45471 (R3 / 11-14)
DEPARTMENT OF CORRECTION

| | | FOR OFFICIAL USE ONLY |
|---|---|---|
| | | Grievance number |

| To: | Facility | Date *(month, day, year)* |
|---|---|---|
| **EXECUTIVE ASSISTANT** | New Castle Correctional Facility | July 28, 2017 |

| From *(name of offender and DOC number)*: | Signature of offender |
|---|---|
| DaMarcus Figgs  # 178594 | DaMarcus Figgs |

| Housing assignment | Date of incident *(month, day, year)* |
|---|---|
| Currently  MHU - 711 | Jan 2016 - June 2017 |

Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance.
*(NOTE: A Single ONE-sided 8½" X 11" sheet of paper may be attached if necessary to explain your grievance.)*
Attach SF52897 OFFENDER COMPLAINT- INFORMAL PROCESS

I've been housed here at N.C.C.F Mental health unit for the last two years. yes i've attempted suicide and had suicidal gestures out of my two years here. However there have been many of times where I have went 90 days without any suicide attempts or gestures. The highest Phase in this Program is Phase three. I have successfully completed this program on three different occasions by making Phase three and i've yet to be staffed out which means Plans to transfer me to a step down Mental health facility. Just this year I went 90 days without harming myself or others, No suicide gestures and went to groups and participated in therapy and still was'nt staff out (Mar 29, 2017- June 29, 2017) All of what im saying is somewhere in my Mental health Records im assuming. My Concern and complaint here is that i've completed this Program several times and they still have'nt transferred me out of Mental health. I already filed an informal which I recieved a response from Stacey Scott which is attached to this. (informal attached)          (informal attached)

State the relief that you are seeking.

Please investigate this Matter and see why everytime I do complete the Program why im not being staffed out to a step down Mental health facility. Please assist me in this Matter please and Thank-you.

[Dkt. 52-2.]

Jennifer Smith returned Mr. Figgs' grievance as insufficient for three reasons: 1) because it was submitted too late, 2) because facility transfers and bed moves are not grievable, and 3)

because he must have a specific date of incident. [Plaintiffs' Exhibit 3, Dkt. 52-3.] To put it

simply, Mr. Figgs could not grieve the issue further because he was told that it was non-

grievable.

David Corbin

Mr. Corbin fared no better in his attempt to grieve the issue of his lengthy term in the

MHU. On August 16, 2017, he wrote his informal complaint (as noted below, he submitted it on

August 17, 2017). [Plaintiffs' Exhibit 4, Dkt. 52-4.] In it, he explicitly states: "I feel like a

commodity being held here for Mr. Butts' profit."[2]



[Dkt. 52-4.]

A handwritten note on the top right corner of Mr. Corbin's informal complaint indicates

that it was received on August 24, 2017 (eight days after he had written it), which renders the

---

[2] Mr. Butts was the warden of New Castle Correctional Facility at the times relevant to the Complaint.

August 25, 2017 response (for what it was worth, which isn't much) not only timely, but downright speedy. [*See* Dkt. 52-4.]

On August 28, 2017, while Mr. Corbin's informal complaint was moseying its way to the correct destination, Mr. Corbin filed a formal grievance, noting specifically that he had not response to his informal complaint. [Plaintiffs' Exhibit 5, Dkt. 52-5.]



**OFFENDER GRIEVANCE**
State Form 45471 (R3 / 11-14)
DEPARTMENT OF CORRECTION

| FOR OFFICIAL USE ONLY |
|---|
| Grievance number |

| To: **EXECUTIVE ASSISTANT** | Facility: New Castle Corr. Facility | Date (month, day, year): 8-28-17 |
|---|---|---|

From (name of offender and DOC number): David Corbin #901698    Signature of offender: David Corbin

Housing assignment: Mental Health Unit MH-501    Date of incident (month, day, year): 8-27-17

Provide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance.
(NOTE: A Single ONE-sided 8½" X 11" sheet of paper may be attached if necessary to explain your grievance.)
Attach SF52897 OFFENDER COMPLAINT- INFORMAL PROCESS

On 8-17-17 I submitted an informal Grievance concerning the issue below to Mr. Butts (warden office) but as of this date have recieved no response. It's been over five buisness days so I move on to this Formal. I have been here on Mental Health since September 2014. Almost 3 years now. and this whole time I have been on (sergeant escort) and not allowed to advance in the Phase system/program. I have posed no security threats while here, my conduct has been good. Yet Warden Butts will not take me off sergeant escort or let me Phase up/participate or advance in this Program so that I can move on to a step down unit/program at another Facility. The Entire Treatment/Unit Team have requested that I be Allowed to Phase up/participate in this Program based on my positive behavior and changes. These People work around me and actually Know who I am now. But Mr. Butts still refuse to allow me to Participate in this Program. Effectively Keeping me in this Facility in conditions such as felt on a segregation unit. Compared to others here who are allowed to Phase up, and move on, my conduct is spectacular. I Feel that I am being held hostage here and not allowed to move on From my very distant Past due to the personal prejudice of Mr. Butts. Psychologists, Psychiatrists, Mental health Professionals and Every custody staff agree that I am not who I use to be and deserve to Phase up, and given an opportunity to Progress. These are smart and competent People Trained and who work around me and observe me over the last 3 yrs. Yet Mr. Butts who has no contact with me other than looking in my Packet/history over rules their recommendation and Continues his excessive oppression on me, leaving me Feeling hopeless and discouraged.

State the relief that you are seeking.
That Mr. Butts review my Treatment Plan and Consider changing his decision. That he allow me to advance in this Program/treatment so that I can move on to another Treatment unit. That he Talk to the Treatment Team/Unit Team and ask their opinion on me to see if they believe me worthy of a Chance to Progress. and if he wont do this, I'd like to Know his exact reason For not allowing me to Progress. That he recognize I have Changed For the better. I am 42 yrs old and my Actions over the last 3 yrs Prove I deserve to be treated For how I am now.

[Dkt. 52-5.]

On September 6, 2017, Jennifer Smith returned Mr. Corbin's grievance as a non-grievable classification issue. [See Plaintiffs' Exhibit 6, Dkt. 52-6.] Mr. Corbin had reached a dead end.

Defendant casually referenced both Mr. Figgs' and Mr. Corbin's attempts to grieve their housing/classification in its Motion for Summary Judgment, dismissing them as improperly filed. [Dkt. 43 at 7.] And while they *were* attached as exhibits to the Motion, they were merely lumped in as each plaintiff's responses to requests for production, which the Court was instructed to "*see generally*". [*Id.*] But these grievances are not insignificant, they are the whole point. Plaintiffs were told that their concerns were "non-grievable," so they stopped grieving them. **Plaintiffs dispute the fact that they did not exhaust the administrative remedies available to them.**

## LEGAL STANDARD

Summary judgment is only appropriate "where the moving party shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Klipsch Grp. Inc. v. Stern*, No. 1:16-cv-01034-MPB-WTL, 2019 U.S. Dist. LEXIS 93012, at *2 (S.D. Ind. Mar. 12, 2019) (internal quotation marks removed). "A dispute is 'genuine' when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under governing law." *Id.* "In deciding a motion for summary judgment, a court may not assess the credibility of witnesses, choose between competing inferences, or balance the relative weight of conflicting evidence." *Id.* at *3.

## ARGUMENT

There was no administrative procedure available to Plaintiffs. Defendant's Motion for Summary Judgment should be denied.

> An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones. . . . [A]n administrative procedure is unavailable when it operates as a simple dead end, when it might be so opaque that it becomes, practically speaking, incapable of use[,] or when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Cotton v. Locke*, No. 1:18-cv-03909-TWP-DML, 2019 U.S. Dist. LEXIS 135701, at *4-*5 (S.D. Ind. Aug. 12, 2019) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1858, 1860 (2016)) (internal quotation marks omitted).

**I.      Figgs and Corbin did not have an available remedy to exhaust their federal claims.**

A.  The administrative procedure was unavailable for Mr. Figgs.

Jennifer Smith's zealous return of Mr. Figgs' grievance made it clear that there was not an administrative remedy available to him. [See below, also at Dkt. 52-3.] In addition to the impact any one of these reasons would have had on Mr. Figgs, the court should consider that the total effect of the return is greater than the sum of its parts.

> *1.  The arbitrary interpretation of the rules, internal inconsistencies of the return of Mr. Figgs' grievance, and mind-numbing timing requirements renders the entire process unavailable.*

Among the reasons for the return of Mr. Figgs' formal grievance were these:

You have submitted the form too late and have not shown any good reason for the delay.  Grievance forms must be submitted within the time limits set out in A.P. 00-02-301.
        **You have 20 working days from date of incident to submit your Formal Grievance.**

\* \* \*

Your complaint or concern contains multiple issues or events.  You may separate the issues and submit a separate form for each one that you wish to grieve.
        Must have specific date of incident.

[Dkt. 52-3.]

In other words, Ms. Smith, the grievance specialist employed by Defendant GEO, returned Mr. Figgs' grievance because she deemed it to have been submitted too late *and* because there was no specific date of incident listed. How Ms. Smith was able to determine that Mr. Figgs had not submitted his form within the requisite "20 working days from the date of incident" when she was apparently not able to determine the date of incident in the first place is a mystery. How *anyone* in New Castle, staff and inmates alike, can tell when *any* grievance

paperwork is due is a greater mystery still. The following deadlines pertain just to the informal complaint level:

> The offender shall receive the Informal Complaint/Resolution form from staff within the same business day, or no later than one (1) business day of the offender's request. The Informal Complaint/Resolution form must be returned to the facility Offender Grievance Specialist within ten (10) business days of receipt.

[Dkt. 44-3, p. 15.]

> The offender shall attempt to contact the Offender Grievance Specialist, Casework Manager, Caseworker, or Unit Team member within five (5) business days from the date of the incident to obtain a State Form 52897, "OFFENDER COMPLAINT-INFORMAL PROCESS LEVEL." The offender must attempt to resolve the problem or complaint with the staff in question within five (5) business days from the date of receiving the State Form 52897 from the Offender Grievance Specialist, Casework Manager, Caseworker, or Unit Team member. Normally, the offender should discuss the incident with the staff person where the problem originates and provide the staff person with all available information in order to resolve the complaint informally. If this is difficult for the offender to accomplish, the offender should seek the assistance of the Supervisor of the staff person, the assigned Case Manager/Counselor, Unit Team member, or Offender Grievance Specialist to guide and assist in resolving the problem. The offender must not wait until the five (5) business days are over to ask for such assistance, but must seek assistance within the established five (5) business days or the informal complaint will be rejected. The responsibility to follow through with resolving this complaint or asking for assistance within the (5) business days is the offender's.

[*Id.*]

> There should be no instance where the time period is over ten (10) business days in returning State Form 52897, "OFFENDER COMPLAINT-INFORMAL PROCESS LEVEL," to the facility Offender Grievance Specialist, unless the offender can provide a reasonable explanation for the delay. If the Informal complaint is not resolved by the staff person within ten (10) business days of the day the offender first approached the staff person, the offender shall be permitted to submit a grievance form.

> The facility Grievance Specialist can review for an additional five (5) business days, if due to staff availability or the facility was on lockdown, thereby needing additional time to respond. The facility Grievance

[Dkt. 44-3, p. 16.]

11

But the pièce de résistance of the facility's instructions was reserved for "explaining" the timing for submitting a formal grievance. On the one hand, the IDOC Offender Grievance Process Handbook, Section X, Part B states:

> The time to submit a formal State Form 45471, "OFFENDER GRIEVANCE," begins on the earliest of these days and ends five (5) business days later:
>
> 1.   The day the staff member tells the offender that there will be no informal resolution;
>
> 2.   The day that the offender refuses an informal resolution offered by staff; or,
>
> 3.   The tenth (10th) business day after the offender first seeks an informal resolution from staff.

[Dkt. 44-3, pp. 16-17.]

> While the IDOC Offender Grievance Process Handbook, Section XI states:

> An offender wanting to file a formal grievance shall submit a completed State Form 45471, "OFFENDER GRIEVANCE," no later than (20) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. The time limit is extended if a form submitted within that timeframe is returned to the offender after screening the State Form 45471, "OFFENDER GRIEVANCE," by the Offender Grievance Specialist. The offender shall have five (5) business days from the date of the return from the Offender Grievance Specialist to complete and return.

[Dkt. 44-3, p. 17.]

It's all too much. This policy clearly wasn't written to help New Castle inmates exhaust their administrative remedies in a timely fashion. It was written to make it as confusing as possible and so Defendant's  grievance specialist would have several different options for considering a grievance "too late." This is not an "available" remedy – it is exactly the type of procedure described by the court as "so opaque that it [is], practically speaking, incapable of use."

> 2. *The IDOC cannot call an issue non-grievable, offer no guidance for other means of redress, and then seek to avoid responsibility under the law by arguing that the issue was never grieved.*

The third reason for Ms. Smith's return of Mr. Figgs' grievance was that it raised a non-grievable issue.

> ✗ Your complaint concerns a Classification or Disciplinary Hearing issue or action. These types of issues or actions are to be appealed through their own appeal process and not through the grievance process.
> *facility transfers + bed moves are not grievable issue.*

[Dkt. 52-3.]

This is the end of the line for inmates. The Return of Grievance form itself does not help; the only assistance it provides is in the form of an additional five working days to "correct the problem(s) listed," but there is no action Mr. Figgs (or anyone else, for that matter) can take to make a non-grievable issue grievable. The Offender Inmate Grievance Process Handbook offers no guidance on *how* to appeal classification issues, or even *where* to find more information about how to appeal classification issues; it only vaguely references the fact that a separate process exists. [Dkt. 44-3, p. 5.]

A finding that a grievance is "non-grievable" is a simple dead end. It renders the remedy unavailable.

B. The administrative procedure was unavailable for Mr. Corbin.

Mr. Corbin's grievance was denied for only one reason – because, like Mr. Figgs', it presented a non-grievable classification issue, and to drive the point home on the Return of Grievance, Ms. Smith made note of the problem twice:

> ✗ Your complaint concerns a Classification or Disciplinary Hearing issue or action. These types of issues or actions are to be appealed through their own appeal process and not through the grievance process.

* * *

> ✗ Other: *Classification issues are not grievable.*

[Dkt. 52-6.]

The analysis of this issue is the same as it was for Mr. Figgs, and just as simple. Mr. Corbin made it clear through his informal complaint that he felt as though he was being kept in the MHU as "a commodity . . . for Mr. Butts profit[,]" and on September 6, 2017, the date when Ms. Smith returned Mr. Corbin's grievance to him, he learned that there was nothing more he could do to try to be moved out of the MHU. The issue at the center of his complaint was considered to be non-grievable. It was a dead end.

## II.     Figgs and Corbin did not have an available remedy to exhaust their state claim.

A similar analysis applies to Figgs' and Corbin's state unjust enrichment claim. *See Adams v. ArvinMeritor, Inc.*, 48 N.E.3d 1, 10 (Ind. Ct. App. 2015), *vacated in part on other grounds*, 60 N.E.3d 1022. Plaintiffs' unjust enrichment claims only come about because of the way in which they were "classified," i.e., as needing to be housed in the MHU, and as we have seen, such claims are not grievable. But even if Plaintiffs (who, according to GEO employees, were so mentally ill that they had to be housed separately from everyone else for months on end) were able to specifically articulate their complaints on paper, they would still be required to navigate the impossible deadline trap of the IDOC Grievance Process.

There is no true grievance process available to inmates like Figgs and Corbin. The handbook is dense, convoluted, and intentionally tricky. Issues can be classified as grievable or not just depending on the grievance specialist's interpretation; that subjective decision has long-ranging effects for potential litigation down the road, as is being demonstrated now. Either the grievances Figgs and Corbin tried to file to alert the facility to their plight as inmates in the MHU were non-grievable classification issues or the grievance process was so confusing that Figgs and

Corbin could not navigate it. Under either set of circumstances, it cannot be said that there was any process *available* to these men to exhaust.

### III.   Alternate Argument: Declaration of Facts Unavailable to Nonmovant

As noted in footnote 1 above, Plaintiffs are in the process of preparing an amended complaint, which (among other things) seeks to add a new plaintiff and substitute him as the class representative. The new plaintiff is no longer incarcerated and so is not a "prisoner" as defined by the PLRA, such that he would be required to first exhaust administrative remedies.[3] This would moot any arguments about exhaustion, but puts the court in a somewhat awkward position vis-à-vis the pending motion for summary judgment based on the currently operative complaint. An alternative solution for the Court might be to defer considering Defendant's Motion for Summary Judgment until the Court has had time to consider Plaintiff's Motion for Leave to Amend. One way to effect this deferral is through Fed. R. Civ. P. 56(d), pursuant to which, **Plaintiffs now declare** (as an alternative argument):

> During preparations for Plaintiffs' response in opposition to Defendant's Motion for Summary Judgment, a former/now released inmate of the MHU at New Castle Correctional Facility was identified. Plaintiffs intend to seek leave of court to amend their complaint to substitute this individual as the class representative, thereby mooting arguments about exhaustion. However, since this Motion for Leave has not yet been filed, let alone considered, there are no facts available for Plaintiffs to argue that exhaustion is not necessary because the PLRA does not apply. Under the currently operative complaint, the PLRA applies.

---

[3] The Prison Litigation Reform Act, as it name suggests, applies only to "prisoners," and defines the term as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

CONCLUSION

The Complaint raised issues related to the classification of inmates in the MHU at New Castle Correctional Facility and Defendants downplayed the significance of the two most important grievances filed by Plaintiffs. These grievances were filed well before the lawsuit was filed and clearly demonstrate, in GEO's own hand, that there were no administrative remedies available to Mr. Figgs or Mr. Corbin that either man could have exhausted to find relief. Not even the PLRA requires a plaintiff to exhaust unavailable remedies. The same holds true for Plaintiffs' state claim. Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

s/ *Jessica Wegg*
Jessica Wegg, No. 28693-49
Jonathan Little, No. 27421-49
SAEED & LITTLE, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
(317) 721-9214
jessica@sllawfirm.com
jon@sllawfirm.com

* * *

CERTIFICATE OF SERVICE

I certify that the foregoing was filed using the Court's CM/ECF system. Service will be made on all ECF-registered counsel of record on the date of filing by operation of the same.

s/ *Jessica Wegg*
Jessica Wegg